The opinion of the court was delivered by
Fenner, j.
The indictment is framed under Section 781 of the Revised Statutes, the language of which is: “Whoever shall shoot, stab or 'thrust any person with a dangerous weapon, with intent to commit murder, shall, on conviction, suffer imprisonment,” etc.
The indictment charges that defendants “did wilfully, maliciously and of their malice aforethought, shoot one Holstein, with the wilful, malicious and felonious intent, and of their malice aforethought, Mm, the said Holstein, then and there to murder.”
A motion was made to quash the indictment on the ground that it does not qualify the shooting as having been done “with a dangerous weapon” as expressed in the statute.
The judge a quo sustained the motion and quashed the indictment, and the State appeals.
If the ease were one of first impression, we confess it would be doubtful.
But it is impossible to discriminate this case from State vs. Humphries, 35 An. 966. In the latter the indictment was laid under Section 790 of the Revised Statutes, which denounces a like offence in *977 identical language, with the additional circumstance that it he committed “while lying in wait, or in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary.” The indictment omitted the words “with a dangerous weapon,” expressed in that section as in the one now before us, and on that ground it was claimed to be defective. But we said: “Shooting a person wilfully, while lying in wait for the victim, with intent to kill him, can not be done without a dangerous weapon. All the ingredients of the crime, the wilful'shooting, the waiting for the opportunity, the murderous intent, all presuppose and imply the use of a dangerous weapon. The use of those words in the indictment is not sacramental.”
The ground of the decision is, that the charge of wilfully shooting a person with intent to murder him necessarily implies the use of a dangerous weapon, and therefore obviates the necessity of adding those words, though expressed in the statute, .because they would convey no idea not already fully embraced by the language used. Tautology is useless, and, even if used in the statute, need not be perpetuated in the indictment. It is sufficient if the offence be described in words clearly conveying the full meaning of the statute, embodying every constituent of the offence, and sufficiently definite to apprise the accused of the charge he has to answer. State vs. Munce, 12 An. 625; State vs. Porte, 9 An. 106; State vs. Richards, 33 An. 1294; State vs. George, 34 An. 261; State vs. Samuels, 38 An. 457; State vs. Flint, 32 An. 335; State vs. Schlessinger, 38 An. 566.
We are quite satisfied that, had the offence described in Section 791 been confined to shooting, the words “with a dangerous weapon’ would have been omitted. They were used only because stabbing, thrusting, cutting and striking were also covered by the statute, which acts might have been committed with instruments not weapons,, and not in themselves dangerous.
This view is confirmed by the verbiage of the following Section 792, which punishes the offence of “wilfully shooting at” another. Of course it means shooting with a dangerous weapon, as we held in State vs. Cognavitch, 34 An. 529, saying: “The common sense of prosecuting officers, judges and juries may be relied on to protect persons from imprisonment in the penitentiary for shooting with pop guns or like innocent playthings.” But the law maker did not find it necessary to use the words “with a dangerous weapon.”
*978 On the whole, we are content to maintain our decision in the Humphries case as applicable at least to cases in which the offence charged covers shooti/ng only, which, we think, can not be done in the manner and with the intent described in the statute, otherwise than with a dangeous weapon.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this case be remanded to be proceeded with according to law.